UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES AUSTIN, et. al, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil No. 7-028-B-W ) |
| TOWN OF DEXTER | ) ) |
| Defendant | ) |

**ORDER ON MOTION TO AMEND (Docket No. 27.)**

Charles Austin and Agnes Austin filed this civil action in the state courts, on their own behalf and the behalf of their minor children, alleging that members of their family were "on numerous occasions … subjected to repeated acts of racism including racially hostile names, violence and other forms of racial hostility." (Compl. ¶ 6, Docket No. 1-2.) When the action was filed the plaintiffs were represented by counsel. The action was removed to this court on February 21, 2007, and on the same day the defendant, the Town of Dexter, filed an answer. In June 2007 plaintiffs' counsel withdrew by mutual consent.

In his motion to amend – filed pro se by Charles Austin ostensibly on behalf of all the plaintiffs – Charles Austin indicates that the Town of Dexter's High and Middle Schools should be named as defendants, and that the School Administrative District No. 46 should also be named as a defendant "through affiliation." (Docket No. 27.)

The Town of Dexter has filed a response opposing the amendment. With regards to the motion to amend the Town argues:

> This action was commenced in state court on February 2, 2007, and removed to this Court by Defendant on February 22, 2007. In the

> Scheduling Order (Document No. 7) issued on March 13, 2007, the deadline for amending the pleadings and joining additional parties was set at May 29, 2007. Discovery was to end by August 14, 2007. On June 28, 2007, Plaintiffs' counsel filed a Motion to Withdraw and a companion motion requesting that all pending deadlines be extended by an additional 90 days to allow Plaintiffs time to retain another attorney. The undersigned defense counsel did not object to either the Motion to Withdraw or the Motion to Extend Pending Deadlines by 90 days. At the time the Motion to Extend Pending Deadlines was filed on June 28, 2007, the deadline for amending the pleadings and joining additional parties had expired a month earlier. In its Order granting the Motion to Extend (Document No. 13), entered on June 28, 2007, this Court extended by 90 days only "presently unexpired deadlines in the current Scheduling Order" (emphasis added). Following the filing by Plaintiffs of yet another Motion to Extend the Discovery Deadline and by Defendant to Extend the Time for Filing Dispositive Motions, this Court held a telephone conference on November 15, 2007 and reset the deadline to complete discovery to January 7, 2008 and the deadline to file dispositive motions to January 28, 2008.
>
> On December 10, 2007, Plaintiff Charles Austin, pro se, filed a motion, purportedly on behalf of all Plaintiffs, to amend their Complaint to add as named Defendants the Town of Dexter's "High and Middle Schools" and School Administrative District No. 46. Defendant Town of Dexter objects to the Motion to Amend Complaint on several grounds. First, as discussed above, the deadline to amend the pleadings and/or join additional parties expired on May 29, 2007. This motion was filed ten months after this action was commenced in this Court and seven months after the deadline for amending the pleadings, as set in the Scheduling Order. While other deadlines have been extended by this Court, the deadline for amending the pleadings and/or joining additional parties was not because it had already expired before motions to extend other deadlines were filed.
>
> In addition to the timeliness issue, Defendant objects to the extent the Amended Complaint seeks to name as Defendants the Town of Dexter's "High and Middle Schools." Children attending school in the Town of Dexter are students of School Administrative District No. 46, a separate quasi-governmental entity from the Town of Dexter. The Town's "High School and Middle School" are simply buildings, they are not legal entities with the capacity to be sued. To the extent Plaintiffs wish to bring a claim that results from the alleged conduct of school officials, that claim could have been brought against SAD 46. But if Plaintiffs wished to make that claim a part of this action against the Town of Dexter, their Complaint had to be amended to add SAD 46 as a party prior to May 29, 2007, per the Scheduling Order.

(Obj. Mot. Am. At 1-3, Docket No. 31.)

I deny the motion to amend; over seven months having elapsed since the deadline for amendments set in the scheduling order, the defendant has pressed an argument that it is unduly prejudiced, and Charles Austin has not made a showing to counter its argument of undue delay.  See Fed. R. Civ. P. 15(a); Acosta-Mestre v. Hilton Int'l, 156 F.3d 49, 51 (1st Cir. 1998).  The viable defendant that would be added by this complaint is School Administrative District # 46, a legal entity entirely separate and distinct from the Town of Dexter, the sole defendant in the action.  Discovery has closed in the case and the amendment of the complaint would mean that this case, originally filed in February 2007 would have to start over with the new party being granted the right to proceed with its own discovery.

I also note that this motion to amend is addressed only as it pertains to Charles Austin; Charles Austin, who is not a licensed attorney, cannot seek a legal remedy in a civil action on behalf of his wife and his children.  See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882 -83 (3d Cir. 1991); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 60 (2d Cir. 1990);  O'Diah v. Volkswagen of Am., Inc., No. 03-1043, 2004 WL 67331,1 (1st Cir. Jan. 14, 2004)(unpublished); Burrell v. Anderson, 353 F.Supp.2d 55, 73 (D. Me. 2005); see also Elk Grove Unified School Dist. V. Newdow, 542 U.S. 1 (2004).

## Conclusion

Based upon the foregoing, I deny Charles Austin's motion to amend his complaint.

## **CERTIFICATE**

Any objections to this Order shall be filed in accordance with Fed.R.Civ. P. 72.

*So Ordered.*

January 9, 2008                                  /s/ Margaret J. Kravchuk
                                                 U.S. Magistrate Judge